UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL DELNER CRUMPTON,

        Plaintiff,

v.

MARTI KAY SHERRY et al.,

        Defendants.[1]
_____/

Case No. 1:22-cv-1071

Honorable Jane M. Beckering

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. In an order entered on December 12, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 11.) The Court previously reviewed the complaint and amended complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. The case was not resolved through the early mediation program. Accordingly,

---

[1] The first defendant that Plaintiff named in this action was Barry County Jail Medical Staff. By opinion and order entered April 24, 2023, the Court substituted Barry County for Barry County Jail Medical Staff and severed Plaintiff's claims against that Defendant into a new related case: *Crumpton v. Barry County*, No. 1:23-cv-417 (W.D. Mich.). Federal Rule of Civil Procedure 10(a) invites the litigants to set forth only the first named plaintiff and first named defendant in the caption of documents filed after the complaint. Following that convention in this case leads to some confusion because both of Plaintiff Crumpton's cases would have the same name. To avoid that confusion, henceforth the Court will set forth the first named plaintiff remaining in this action—Marti Kay Sherry—in the caption of all documents.

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall again commence collection of the filing fee as outlined in the Court's prior order granting Plaintiff leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint and the amended complaint[2] to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

The remaining Defendants are Marti Kay Sherry, Unknown Party #2, and Unknown Party #3. At this stage of the proceedings, although Plaintiff's allegations are sufficient to warrant service of the complaint against Defendants Unknown Party #2 and Unknown Party #3, the Court is unable to order service on these two Defendants because Plaintiff has not provided sufficient information to identify them. While the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of Plaintiff's proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate

---

[2] By opinion entered September 25, 2023, the Court ordered that the "operative complaint" would consist of the original and amended complaint together. (ECF No. 26, PageID.156.)

service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint.*") (emphasis added). Accordingly, Plaintiff will have **90 days** to provide the Court with information regarding the identity of the two Defendants he wishes to have served or a declaration showing good cause why the Court should extend the time within which service can be made. *See* Fed. R. Civ. P. 4(m). If Plaintiff is unable to identify these two Defendants, Plaintiff's claims against them will be dismissed without prejudice. *See id.*

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:   August 7, 2024                                    /s/ Ray Kent
                                                          Ray Kent
                                                          United States Magistrate Judge

3